**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ANNE FITZSIMMONS,

    Plaintiff - Appellant,

v.

MICHAEL O'HARA, individually
and in his official capacity as Chief
Judge of the 14th District [for the
State of Colorado],

    Defendant - Appellee.

No. 25-1318
(D.C. No. 1:24-CV-01833-GPG-
TPO)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **BACHARACH**, and **EID**, Circuit Judges.

_____

In criminal cases, a conviction ordinarily casts a direct impact only on the defendant and the government. But what if a state court convicts a defendant of a property crime and explains the conviction in a way that

---

[*]     Ms. Fitzsimmons requests oral argument, but it would not help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment is not precedential except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

addresses someone else's property rights? This is the situation here: A state court explained a defendant's guilt in a way that could allegedly affect a relative's property rights.

**1.    Ms. Fitzsimmons sues based on judicial statements that allegedly affect her property rights.**

Ms. Anne Fitzsimmons owned a 37+ acre tract and an easement on a neighbor's property. On the easement was a road.

Ms. Fitzsimmons' sister lived on the acreage and put a gate on the road, but state officials thought that the gate obstructed the ability of others to use the road. When the sister refused to remove the gate, she was convicted of a misdemeanor involving obstruction of a highway/passageway. Colo. Rev. Stat. § 18-9-107(1)(a). Ms. Fitzsimmons' sister appealed to the state district court, and then-Chief Judge Michael O'Hara affirmed the sister's conviction. In the course of affirming the conviction, he made two statements that Ms. Fitzsimmons criticizes for failing to recognize her own property rights:

> 1.    [The sister's] charge stemmed from her installation of a gate across an easement road that benefits multiple properties.
>
> 2.    [The sister] resides on [Ms. Fitzsimmons'] property which is one of the parcels benefitted by the easement.

R. vol. 1, at 134.

Ms. Fitzsimmons sued the judge in federal court, invoking 42 U.S.C. § 1983 and seeking declaratory and injunctive relief. The district court

2

dismissed the suit based in part on Eleventh Amendment immunity. Ms. Fitzsimmons appealed and sought post-judgment relief in district court.

**2.    The district court didn't err in applying the Eleventh Amendment.**

Ms. Fitzsimmons argues on appeal that the district court erred in dismissing the action under the Eleventh Amendment. We disagree. The Eleventh Amendment ordinarily prevents someone from suing a state in federal court. *Lewis v. N.M. Dep't of Health*, 261 F.3d 970, 975 (10th Cir. 2001). The named defendant is a judge rather than a state. But the judge is being sued in his official capacity and an official-capacity suit is the equivalent of a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

The pertinent entity is the state district court, which exercises the judicial power of the state. Colo. Const. art. VI, § 1. So the official-capacity claim against the judge is effectively a suit against the state itself and triggers the state's immunity under the Eleventh Amendment. *See Collins v. Daniels*, 916 F.3d 1302, 1316 (10th Cir. 2019) ("'As a general matter, state courts are considered "arms of the state" and are entitled to sovereign immunity'" (quoting 13 Wright & Miller's *Federal Practice & Procedure* § 3524.2 (3d ed. 2018))).

Granted, an exception exists when state officials are sued for prospective injunctive relief to prevent them from enforcing a law that

creates an ongoing violation of federal law. *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002). But this exception doesn't apply. The alleged violation consists of two discrete statements about property rights (rather than an ongoing violation of federal law),[1] and the judge isn't charged with enforcement; his duties ended when he affirmed the sister's conviction. *See Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (stating that the exception doesn't normally support injunctive relief against state-court judges because they don't usually enforce state laws).

Ms. Fitzsimmons has sued the judge not only in his official capacity but also in his personal capacity. But Ms. Fitzsimmons seeks only declaratory and injunctive remedies, which are available only against

---

[1] In the complaint, Ms. Fitzsimmons sought a declaration that the judge's statements were "null and void." R. vol. 1, at 32. This request was retrospective, so the defendant pointed out that the court didn't need to consider the possibility of prospective relief. R. vol. 2, at 21. Given Ms. Fitzsimmons' framing of her claim, the magistrate judge applied the Eleventh Amendment only to the request for retrospective relief. Ms. Fitzsimmons objected, but said nothing about the Eleventh Amendment.

On appeal, Ms. Fitzsimmons changes her approach, urging prospective relief based on an ongoing violation of federal law. Because she didn't alert the district judge to this request, we would ordinarily consider Ms. Fitzsimmons' appellate argument waived. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). But an exception exists when the interests of justice require appellate review, *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008), and we assume for the sake of argument that this exception applies.

public authorities in their official capacities. *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022).

Without an applicable exception, the district court properly dismissed the action under the Eleventh Amendment.

3. **Appellate jurisdiction doesn't exist over the challenge to the denial of a motion to reopen.**

Ms. Fitzsimmons moved to reopen the case, but she appealed before the district court ruled. After the notice of appeal was filed, the district court denied the motion to reopen.

Ms. Fitzsimmons' notice of appeal hadn't mentioned the motion to reopen because it was still pending at the time. So Ms. Fitzsimmons needed to file a new notice of appeal in order to appeal the denial of her motion to reopen. Fed. R. App. P. 4(a)(1)(A). But she didn't file a new notice of appeal. Absent a new notice, we lack jurisdiction over the denial of Ms. Fitzsimmons' motion to reopen. *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1010 (10th Cir. 2018).[2]

\*\*\*

---

[2]    In her opening brief, Ms. Fitzsimmons argues that the district court should have appointed counsel. In Ms. Fitzsimmons' reply brief, however, she clarifies that she's not raising this issue as a separate ground for reversal.

We affirm the dismissal of the action and dismiss the appeal as to the denial of Ms. Fitzsimmons' motion to reopen.

Entered for the Court


Robert E. Bacharach
Circuit Judge